UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINCOLN LERNER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DR. GRAPHX II, INC., an Illinois corporation, <br><br><br> and <br><br> MORGAN STANLEY INVESTMENT MANAGEMENT INC., a New York corporation, <br><br><br> Defendant. | Case No. 13-cv-3525 <br><br><br><br> Amount of Claim: $13,420 plus such further relief which may be imposed on or before the date of judgment. |

## COMPLAINT

NOW COMES the Plaintiff, Lincoln (Tony) Lerner, an individual, by and through its attorneys, Riordan, Fulkerson, Hupert & Coleman, and for his complaint against Defendant, Dr. Graphx II, Inc., an Illinois corporation, and Morgan Stanley Investment Management Inc., a New York corporation, states as follows:

### Jurisdiction and Venue

1. This cause of action arises under the Employee Retirement Income Security Act of 1974, as amended, and is brought under ERISA §502(c)(1)(B), 29 U.S.C. §1132(c)(1)(B).

2. This Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. Venue of this action lies in the Northern District of Illinois, Eastern Division, pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1), as, among other things, it is believed that the Plan was administered in Cook County Illinois.

### Parties

4. Lincoln Lerner ("Lerner" or "Plaintiff") is an individual who resides in Cook County, Illinois, and who was employed at Dr. Graphx II, Inc. beginning on or about 2006 until sometime in 2013.

5. Dr. Graphx II, Inc. ("Dr. Graphx") is an Illinois corporation. It is a full service graphic art and production services company, which does business at 955 W Lake St, Chicago, IL 60607.

6. Morgan Stanley Investment Management Inc. ("Morgan Stanley") is a New York corporation, registered as a foreign corporation and duly authorized to transact business in the state of Illinois.

### Background Facts

7. In the last half of 2012, Lerner heard other employees speak of a "pension" plan set up by Dr. Graphx.

8. Prior to that occurrence of 2012, Lerner had not been aware of the existence of any such plan.

9. When Lerner inquired further about the apparent plan, he was met with evasive answers, silence, and what he perceived to be threats about his employment if he continued to ask questions about any pension plan.

10. On or about January 8, 2013, Lerner, through counsel, sent a letter to Dr. Graphx requesting documents related to the Plan pursuant to ERISA §104, 29 U.S.C. §102, because Lerner believed Dr. Graphx was the Plan Administrator. A photocopy of Lerner's counsel's

letter, dated January 8, 2013, is attached hereto as **Exhibit A**, and is hereby made part of this Complaint by reference.

11. On or about January 11, 2013, Dr. Graphx received Lerner's letter requesting Plan documents via Certified Mail. A photocopy of the USPS Track & Confirm receipt is attached hereto as **Exhibit B,** and is hereby made part of this Complaint by reference.

12. Between January 11, 2013 and January 22, 2013, Lerner's counsel received a telephone call from Kevin M. O'Donnell ("O'Donnell"). Mr. O'Donnell represented to Lerner's counsel, amongst other things,

    a. that he was counsel for Dr. Graphx,

    b. that Lerner had been a problem employee, and had not been showing up recently,

    c. that there was a "simple matching retirement plan," and that Lerner was not a participant as he had made no contributions, and

    d. that O'Donnell had forwarded the January 8th letter to "the trustee" to obtain the documents.

13. During the phone conversation, counsel for Lerner indicated that he still would need to see various documents concerning the retirement plan, and that there was a time limit in ERISA for the administrator to do so.

14. On or about January 22, 2013, O'Donnell confirmed to Lerner's counsel, by letter, that the corporation did have a plan and that they "had a call into" the corporation's pension representative to obtain information related to the Plan. A photocopy of O'Donnell's letter, dated January 22, 2013, is attached hereto as **Exhibit C**, and is hereby made part of this Complaint by reference.

3

15. On or about February 7, 2013, Lerner's counsel sent O'Donnell a letter stating that O'Donnell should "consider [himself] nagged about sending [Plaintiff] the requested documents." A photocopy of Lerner's counsel's letter, dated February 7, 2013, is attached hereto as **Exhibit D**, and is hereby made part of this Complaint by reference.

16. On or about February 14, 2013, O'Donnell sent Lerner a COBRA notice; said letter did not respond to, or even mention, Lerner's previous requests for Plan documents. A photocopy of O'Donnell's letter, dated February 14, 2013, is attached hereto as **Exhibit E**, and is hereby made part of this Complaint by reference.

17. On or about February 18, 2013, Lerner's counsel again wrote O'Donnell reminding him of Lerner's previous requests for Plan documents, which O'Donnell had indicated he would send to him. A photocopy of Lerner's counsel's letter, dated February 18, 2013, is attached hereto as **Exhibit F**, and is hereby made part of this Complaint by reference.

18. On or about February 26, 2013, O'Donnell sent Lerner a letter rescinding Dr. Graphx's initial offer for COBRA coverage and with no reference to Lerner's requests for Plan documents. A photocopy of O'Donnell's letter, dated February 26, 2013, is attached hereto as **Exhibit G**, and is hereby made part of this Complaint by reference.

19. On February 28, 2013, Lerner, through his counsel, wrote O'Donnell via email stating, amongst other things, that counsel had requested Plan documents in several previous communications, that Dr. Graphx had failed to provide these documents as it had previously indicated it would, and that Lerner again renews his request for Plan documents. A photocopy of Lerner's counsel's email, dated February 28, 2013, is attached hereto as **Exhibit H**, and is hereby made part of this Complaint by reference.

20. On February 28, 2013, O'Donnell emailed Lerner's attorney regarding the COBRA notice but "without responding to any of [Lerner's counsel's] email's contents." A photocopy of O'Donnell's email, dated March 1, 2013, is attached hereto as **Exhibit I**, and is hereby made part of this Complaint by reference.

21. Between March 4-8, 2013, Lerner and Lerner's counsel continued to ask for Plan documents as well as information related to Lerner's COBRA coverage but were met with great hostility. A photocopy of the email chain between Lerner's counsel and O'Donnell is attached hereto as **Exhibit J**, and is hereby made part of this Complaint by reference.

22. In a March 8, 2013 email, O'Donnell responded to Lerner's counsel's email renewing his request for Plan documents, and stated:

> "I have know [sic] Mr. Mages for one very long time and he is veritable prince of a person. He could not have more patient or indulgent with Tony. Keep scorching him for his past good will and teach him to never give the rest of the world a break or a 1,000 breaks as he did Tony. Please, for the most part, go away because you are wasting everyone's time and money. There are real grievances to pursue in this life. You would be hard pressed to find a person or cause less worthy of this time and efforts."

23. At no point in any of his communications with Lerner's counsel, did O'Donnell claim that Lerner was not an employee of Dr. Graphx through at least the end of 2012 or even until January 31, 2013.

24. On or about March 12, 2013, sixty-three (63) days after Lerner's initial request for plan documents, "Morgan Stanley" is mentioned by O'Donnell, presumably as trustee of some sorts or plan administrator, but Lerner's counsel was not given any contact or other information and

5

was informed that Morgan Stanley has refused to produce the requested documents without a subpoena. A photocopy of the letter from O'Donnell's office, dated March 12, 2013, is attached hereto as **Exhibit K**, and is hereby made part of this Complaint by reference.

25. On April 16, 2013, Lerner's counsel wrote O'Donnell stating, amongst other things, that there should be no reason "why Dr. Graphx should have to subpoena documents concerning its own employee benefits plan," and that a subpoena was inappropriate because no pending legal action existed. A photocopy of Lerner's counsel's email to O'Donnell, dated April 16, 2013, is attached hereto as **Exhibit L**, and is hereby made part of this Complaint by reference.

26. In the aforesaid April 16th letter to O'Donnell, Lerner's counsel again renewed Lerner's request for any and all Plan documents and stated:

> "If Dr. Graphx II believes that Morgan Stanley or some other party has information responsive to our request, please send us that party's contact information and whatever plan identification we need to contact them directly. However, doing so is not intended to waive or release your client from any legal duty it has to produce these documents."

27. On April 24, 2013, one hundred and six (106) days after Lerner's initial request for plan documents, O'Donnell wrote Lerner's counsel in regards to COBRA premiums, but said letter did not respond to Lerner's counsel's April 16th email or address Lerner's numerous requests for Plan documents. A photocopy of O'Donnell's letter to Lerner's counsel, dated April 24, 2013, is attached hereto as **Exhibit M**, and is hereby made part of this Complaint by reference.

## COUNT I
## FAILURE TO COMPLY WITH
## DOCUMENT REQUEST PURSUANT TO ERISA §104(B)(4)

28. Plaintiff incorporates by reference and re-alleges the allegations in Paragraphs 7 through 27 as though fully stated herein.

6

29. On information and belief, Dr. Graphx is the Plan Administrator.

30. Pursuant to ERISA §104(b)(4), 29 U.S.C. §102(b)(4), Dr. Graphx was required to furnish a copy of certain Plan documents to Lerner on February 11, 2013, 30 days after receipt of Lerner's request.

31. Dr. Graphx did not provide any Plan documents to Lerner, and has not done so as of the date of this filing, despite numerous requests.

32. Pursuant to ERISA §502(c)(1)(B), 29 U.S.C. §1132(c)(1)(B): "Any administrator… who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal."

WHEREFORE, Plaintiff, Lincoln (Tony) Lerner, prays that the Court

    a. enter judgment in its favor and against Defendant, Dr. Graphx II, Inc., as Plan administrator, in the amount of $110 per day for failure to produce documents, plus interest, attorneys' fees and costs, and any such further relief that the Court deems just and equitable; and

    b. compel Defendant Dr. Graphx II, Inc. to produce the required Plan documents.

## COUNT II
## BREACH OF FIDUCIARY DUTY

33. Plaintiff incorporates by reference and re-alleges the allegations in Paragraphs 7 through 27 as though fully stated herein.

7

34. If Dr. Graphx was not the Plan Administrator, upon information and belief, Dr. Graphx failed to properly notify the Plan administrator of Lerner's request for Plan documents.

35. Dr. Graphx has refused to tell Lerner anything related to the Plan, except that "a simple Plan" exists, or who the Plan Administrator is (if not Dr. Graphx) so that Lerner can contact that Administrator directly.

36. Dr. Graphx did not provide Plan documents to Lerner, and has not done so as of the date of this filing despite numerous requests.

37. Dr. Graphx, as the employer, owed Lerner, the employee, the duty to provide such information as is reasonably necessary to enable him to enforce his rights.

WHEREFORE, Plaintiff, Lincoln (Tony) Lerner, prays that the Court

    a. enter judgment in its favor and against Defendant, Dr. Graphx II, Inc., as Plan administrator, in the amount of $110 per day for failure to produce documents, plus interest, attorneys' fees and costs, and any such further relief that the Court deems just and equitable; and

    b. compel Defendant Dr. Graphx II, Inc. to produce the required Plan documents.

## COUNT III
## FAILURE TO COMPLY WITH
## DOCUMENT REQUEST PURSUANT TO ERISA §104(B)(4)

38. Plaintiff incorporates by reference and re-alleges the allegations in Paragraphs 7 through 23 as though fully stated herein.

39. In the alternative, if Morgan Stanley is the Plan Administrator, it was required to furnish a copy of Plan documents to Lerner, 30 days after receipt of Lerner's request pursuant to ERISA §104(b)(4), 29 U.S.C. §102(b)(4).

40. On information and belief, Dr. Graphx informed Morgan Stanley of Lerner's request on or about January 22, 2013, when Dr. Graphx informed Lerner that it had called the corporation's pension representative to gather information related to the Plan. *See* **Exhibit C**.

41. Morgan Stanley was required to furnish the requested documents to Lerner on or before February 21, 2013, pursuant to ERISA §104(b)(4), 29 U.S.C. §102(b)(4).

42. Morgan Stanley did not provide Plan documents to Lerner, and has not done so as of the date of this filing, and has, according to O'Donnell's office, refused to do so without a subpoena even though no action had been filed at that time which might permit the use of a subpoena.

43. Pursuant to ERISA §502(c)(1)(B), 29 U.S.C. §1132(c)(1)(B): "Any administrator… who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal."

WHEREFORE, Plaintiff, Lincoln (Tony) Lerner, prays that the Court

   a. enter judgment in its favor and against Defendant, Morgan Stanley Investment Management, Inc., as Plan administrator, in the amount of $110 per day for failure to produce documents, plus interest, attorneys' fees and costs, and any such further relief that the Court deems just and equitable; and

   b. compel Defendant, Morgan Stanley Investment Management, Inc., to produce Plan documents.

Respectfully Submitted,
Plaintiff, Lincoln (Tony) Lerner

By: _____
One of its attorneys

Jeffrey D. Hupert (ARDC No. 3121829)
Temi F. Oduala (ARDC No. 6309820)
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, Illinois 60602
(312) 346-4740