UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINCOLN LERNER,<br>an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>DR. GRAPHX II, INC.,<br>an Illinois corporation,<br><br><br><br>    and<br><br>MORGAN STANELY SMITH BARNEY, LLC.,<br>a Delaware Limited Liability Company,<br><br>          Defendant. | Case No. 13-cv-3525<br><br><br><br>Amount of Claim: $13,420 plus such<br>further relief which may be imposed<br>on or before the date of judgment. |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, Lincoln (Tony) Lerner, an individual, by and through his attorneys, Riordan, Fulkerson, Hupert & Coleman, and for his First Amended Complaint against Defendants, Dr. Graphx II, Inc., an Illinois corporation, and Morgan Stanley Smith Barney, LLC., a Delaware limited liability company, states as follows:

### Jurisdiction and Venue

1. This cause of action arises under the Employee Retirement Income Security Act of 1974, as amended, and is brought under ERISA §502(c)(1)(B), 29 U.S.C. §1132(c)(1)(B).

2. This Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3.  Venue of this action lies in the Northern District of Illinois, Eastern Division, pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1), as, among other things, it is believed that the Plan was administered in Cook County Illinois.

## Parties

4.  Lincoln (Tony) Lerner ("Lerner" or "Plaintiff") is an individual who resides in Cook County, Illinois, and who was employed at Dr. Graphx II, Inc. beginning on or about 2006 until sometime in 2013.

5.  Dr. Graphx II, Inc. ("Dr. Graphx") is an Illinois corporation. It is a full service graphic art and production services company, which does business at 955 W Lake St, Chicago, IL 60607.

6.  Morgan Stanley Smith Barney, LLC ("Morgan Stanley") is a Delaware limited liability company, duly authorized to transact business in the state of Illinois, and which does business in Cook County, Illinois.

## Background Facts

7.  In the last half of 2012, Lerner heard other employees speak of a "pension" plan set up by Dr. Graphx.

8.  Prior to that occurrence in 2012, Lerner had not been aware of the existence of any such plan.

9.  When Lerner inquired further about the apparent plan, he was met with evasive answers, silence, and what he perceived to be threats about his employment if he continued to ask questions about any pension plan.

10. On or about January 8, 2013, Lerner, through counsel, sent a letter to Dr. Graphx requesting documents related to the apparent Pension Plan pursuant to ERISA §104, 29 U.S.C. §102, because Lerner believed Dr. Graphx was the Plan Administrator. A photocopy of Lerner's

counsel's letter, dated January 8, 2013, is attached hereto as **Exhibit A**, and is hereby made part of this Complaint by reference.

11. On or about January 11, 2013, Dr. Graphx received Lerner's letter requesting Plan documents via Certified Mail. A photocopy of the USPS Track & Confirm receipt is attached hereto as **Exhibit B,** and is hereby made part of this Complaint by reference.

12. Between January 11, 2013 and January 22, 2013, Lerner's counsel received a telephone call from Kevin M. O'Donnell, Esq. ("O'Donnell"). O'Donnell represented to Lerner's counsel, amongst other things,

   a. that he was counsel for Dr. Graphx,

   b. that Lerner had been a problem employee, and had not been showing up recently,

   c. that there was a "simple matching retirement plan," and that Lerner was not a participant as he had made no contributions, and

   d. that O'Donnell had forwarded the January 8th letter to "the trustee" to obtain the documents.

13. During the phone conversation, counsel for Lerner indicated that he still would need to see various documents concerning the retirement plan, and that there was a time limit in ERISA for the administrator to provide the required documents.

14. On or about January 22, 2013, O'Donnell confirmed to Lerner's counsel, by letter, that the corporation did have a plan and that they "had a call into" the corporation's pension representative to obtain information related to the Plan. A photocopy of O'Donnell's letter, dated January 22, 2013, is attached hereto as **Exhibit C**, and is hereby made part of this Complaint by reference.

15. On or about February 7, 2013, Lerner's counsel sent O'Donnell a letter stating that O'Donnell should "consider [himself] nagged about sending [Plaintiff] the requested documents." A photocopy of Lerner's counsel's letter, dated February 7, 2013, is attached hereto as **Exhibit D**, and is hereby made part of this Complaint by reference.

16. On or about February 14, 2013, O'Donnell sent Lerner a COBRA notice; said letter did not respond to, or even mention, Lerner's previous requests for Plan documents. A photocopy of O'Donnell's letter, dated February 14, 2013, is attached hereto as **Exhibit E**, and is hereby made part of this Complaint by reference.

17. On or about February 18, 2013, Lerner's counsel again wrote O'Donnell reminding him of Lerner's previous requests for Plan documents, which O'Donnell had indicated he would send to him. A photocopy of Lerner's counsel's letter, dated February 18, 2013, is attached hereto as **Exhibit F**, and is hereby made part of this Complaint by reference.

18. On or about February 26, 2013, O'Donnell sent Lerner a letter rescinding Dr. Graphx's initial offer for COBRA coverage and making no reference to Lerner's requests for Plan documents. A photocopy of O'Donnell's letter, dated February 26, 2013, is attached hereto as **Exhibit G**, and is hereby made part of this Complaint by reference.

19. On February 28, 2013, Lerner, through his counsel, wrote O'Donnell via email stating, amongst other things, that counsel had requested Plan documents in several previous communications, that Dr. Graphx had failed to provide these documents as it had previously indicated it would, and that Lerner was again renewing his request for Plan documents. A photocopy of Lerner's counsel's email, dated February 28, 2013, is attached hereto as **Exhibit H**, and is hereby made part of this Complaint by reference.

20. On February 28, 2013, O'Donnell emailed Lerner's attorney regarding the COBRA notice but "without responding to any of [Lerner's counsel's] email's contents." A photocopy of O'Donnell's email, dated March 1, 2013, is attached hereto as **Exhibit I,** and is hereby made part of this Complaint by reference.

21. During March 4-8, 2013, Lerner and Lerner's counsel continued to ask for Plan documents as well as for information related to Lerner's COBRA coverage, but were met with hostility. A photocopy of the email chain between Lerner's counsel and O'Donnell is attached hereto as **Exhibit J**, and is hereby made part of this Complaint by reference.

22. In a March 8, 2013 email, O'Donnell responded to Lerner's counsel's email renewing his request for Plan documents, and stated:

> "I have know [*sic*] Mr. Mages for one very long time and he is veritable prince of a person. He could not have more patient or indulgent with Tony. Keep scorching him for his past good will and teach him to never give the rest of the world a break or a 1,000 breaks as he did Tony. Please, for the most part, go away because you are wasting everyone's time and money. There are real grievances to pursue in this life. You would be hard pressed to find a person or cause less worthy of this time and efforts."

23. At no point in any of his communications with Lerner's counsel, did O'Donnell claim that Lerner was not an employee of Dr. Graphx through at least the end of 2012 or even until January 31, 2013.

24. On or about March 12, 2013, sixty-three (63) days after Lerner's initial request for plan documents, "Morgan Stanley" is mentioned by O'Donnell, presumably as trustee of some sort or plan administrator, but Lerner's counsel was not given any contact or other information and was

informed that Morgan Stanley had refused to produce the requested documents without a subpoena. A photocopy of the letter from O'Donnell's office, dated March 12, 2013, is attached hereto as **Exhibit K**, and is hereby made part of this Complaint by reference.

25. On April 16, 2013, Lerner's counsel wrote O'Donnell stating, amongst other things, that there should be no reason "why Dr. Graphx should have to subpoena documents concerning its own employee benefits plan," and that a subpoena was inappropriate because no pending legal action existed. A photocopy of Lerner's counsel's email to O'Donnell, dated April 16, 2013, is attached hereto as **Exhibit L**, and is hereby made part of this Complaint by reference.

26. In the aforesaid April 16th letter to O'Donnell, Lerner's counsel again renewed Lerner's request for any and all Plan documents and stated:

> "If Dr. Graphx II believes that Morgan Stanley or some other party has information responsive to our request, please send us that party's contact information and whatever plan identification we need to contact them directly. However, doing so is not intended to waive or release your client from any legal duty it has to produce these documents."

27. On April 24, 2013, one hundred and six (106) days after Lerner's initial request for plan documents, O'Donnell wrote Lerner's counsel in regards to COBRA premiums, but said letter did not respond to Lerner's counsel's April 16th email or address Lerner's numerous requests for Plan documents. A photocopy of O'Donnell's letter to Lerner's counsel, dated April 24, 2013, is attached hereto as **Exhibit M**, and is hereby made part of this Complaint by reference.

28. Since the filing of the initial Complaint herein, each Defendant has sent certain documents to counsel for Lerner. Those documents are not complete, and they do not fully comply with the requirements of ERISA §104, 29 U.S.C. §102.

## COUNT I
## FAILURE TO COMPLY WITH
## DOCUMENT REQUEST PURSUANT TO ERISA §104(B)(4)

29. Plaintiff incorporates by reference and re-alleges the allegations in Paragraphs 1 through 28 as though fully stated herein.

30. On information and belief, Dr. Graphx is the Plan Administrator.

31. Pursuant to ERISA §104(b)(4), 29 U.S.C. §102(b)(4), Dr. Graphx was required to furnish a copy of certain Plan documents to Lerner on February 11, 2013, 30 days after receipt of Lerner's request.

32. Dr. Graphx did not provide any Plan documents whatsoever to Lerner before suit was filed, and has not sent Lerner the documents requested, despite numerous requests.

33. Pursuant to ERISA §502(c)(1)(B), 29 U.S.C. §1132(c)(1)(B): "Any administrator... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal."

34. Thus Dr. Graphx has been and continues to be in violation of ERISA §104, 29 U.S.C. §102 since approximately February 11, 2013.

WHEREFORE, Plaintiff, Lincoln (Tony) Lerner, prays that the Court:

      a.   compel Defendant Dr. Graphx II, Inc. to produce the required Plan documents pursuant to ERISA §104, 29 U.S.C. §102; and

b. enter judgment in its favor and against Defendant, Dr. Graphx II, Inc., as Plan administrator, in the amount of $110 per day from February 11, 2013 until the required documents are produced for failure to produce documents, plus interest, attorneys' fees and costs, and any such further relief that the Court deems just and equitable.

## COUNT II
## BREACH OF FIDUCIARY DUTY

35. Plaintiff incorporates by reference and re-alleges the allegations in Paragraphs 1 through 28 as though fully stated herein.

36. If Dr. Graphx was not the Plan Administrator, upon information and belief, Dr. Graphx failed to properly notify the Plan Administrator of Lerner's request for Plan documents.

37. Dr. Graphx has refused to tell Lerner anything related to the Plan, except that "a simple Plan" exists, or who the Plan Administrator is (if not Dr. Graphx) was, so that Lerner could contact that Administrator directly.

38. Dr. Graphx did not provide any Plan documents to Lerner as of the date and time of the initial Complaint, despite numerous requests.

39. Dr. Graphx, as the employer, owes Lerner, the employee, the duty to provide such information as is reasonably necessary to enable him to enforce his rights.

40. Thus Dr. Graphx has been and continues to be in violation of ERISA §104, 29 U.S.C. §102 since 30 days since approximately February 11, 2013.

WHEREFORE, Plaintiff, Lincoln (Tony) Lerner, prays that the Court:

a. compel Defendant Dr. Graphx II, Inc. to produce the required Plan documents; and

8

b.  enter judgment in its favor and against Defendant, Dr. Graphx II, Inc., as Plan
administrator, in the amount of $110 per day for failure to produce documents,
plus interest, attorneys' fees and costs, and any such further relief that the Court
deems just and equitable.

## COUNT III
## FAILURE TO COMPLY WITH
## DOCUMENT REQUEST PURSUANT TO ERISA §104(B)(4)

41. Plaintiff incorporates by reference and re-alleges the allegations in Paragraphs 1 through
28 as though fully stated herein.

42. In the alternative, if Morgan Stanley was the Plan Administrator, it was required to
furnish a copy of Plan documents to Lerner, 30 days after receipt of Lerner's request pursuant to
ERISA §104(b)(4), 29 U.S.C. §102(b)(4).

43. On information and belief, Dr. Graphx informed Morgan Stanley of Lerner's request on
or about January 22, 2013, when Dr. Graphx informed Lerner that it had called the corporation's
pension representative to gather information related to the Plan. *See* **Exhibit C**.

44. Morgan Stanley was required to furnish the requested documents to Lerner on or before
February 21, 2013, pursuant to ERISA §104(b)(4), 29 U.S.C. §102(b)(4).

45. Morgan Stanley did not provide any Plan documents to Lerner prior to the filing of the
initial Complaint, and according to O'Donnell's office, refused to do so without a subpoena even
though no action had been filed at that time which might permit the use of a subpoena.

46. Pursuant to ERISA §502(c)(1)(B), 29 U.S.C. §1132(c)(1)(B): "Any administrator… who
fails or refuses to comply with a request for any information which such administrator is required
by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results
from matters reasonably beyond the control of the administrator) by mailing the material

requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal."

WHEREFORE, Plaintiff, Lincoln (Tony) Lerner, prays that the Court:

a. compel Defendant, Morgan Stanley Smith Barney, LLC., to produce Plan documents pursuant to ERISA § 104, 29 U.S.C. § 102; and

b. enter judgment in its favor and against Defendant Morgan Stanley Smith Barney, LLC., as Plan administrator, in the amount of $110 per day for failure to produce documents, plus interest, attorneys' fees and costs, and any such further relief that the Court deems just and equitable.

Respectfully Submitted,
Plaintiff, Lincoln (Tony) Lerner

By: _____
One of his attorneys

Jeffrey D. Hupert (ARDC No. 3121829)
Temi F. Oduala (ARDC No. 6309820)
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, Illinois 60602
(312) 346-4740

# Exhibit A

LAW OFFICES
## RIORDAN, FULKERSON, HUPERT & COLEMAN
30 NORTH LA SALLE STREET
SUITE 2630
CHICAGO, ILLINOIS 60602

TELEPHONE (312) 346-4740
FACSIMILE (312) 346-1168

JEFFREY D. HUPERT
(312) 923-2503
jdh@rfsc-law.com

THOMAS P. RIORDAN (1920-1965)
ROBERT KEITH LARSON (1951-1995)
RICHARD J. RIORDAN (1950-1997)

January 8, 2013

Dr. Graphx II, Inc.
955 West Lake Street
Chicago, IL 60607
Attn: Michael H. Mages

Dr. Graphx II, Inc.
c/o Thomas E. Keating
its Registered Agent
2 Jefferson Court
Streamwood, IL 60107

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED, WITH ADDITIONAL COPIES SENT VIA US MAIL**

RE: Employee Benefit Plans/ Lincoln (Tony) Lerner

Dear Sir or Madam:

Our law firm has been retained by Lincoln (Tony) Lerner, an employee of Dr. Graphx II, Inc. and a covered participant in any employee benefits offered by Dr. Graphx II, Inc. in connection with possible issues related to his receipt of those benefits.

Pursuant to ERISA §104, 29 U.S.C. §1024, please provide the following:

- A copy of all Plan documents;
- A copy of any applicable Summary Plan Descriptions;
- Any insurance agreements, policies, or amendments and any third-party service agreements;
- Any brochures, benefits statements, or individual certificates that have been distributed to participants;
- A summary of all benefits paid to the participant and a written breakdown of all benefits that may be due and owing;
- Any benefit formula, calculation, procedure, worksheet, or similar document setting forth the manner in which eligibility or benefits are determined; and
- Any other documents under which the Plan(s) are administered.

It is our understanding that Dr. Graphx II, Inc. is the same business operation formerly owned by a different entity: Dr. Graphx, Inc. As Mr. Lerner was also an employee of the former Dr. Graphx, Inc., (dissolved in 1999, according to the Illinois Secretary of State) please also provide the same documents requested above related to Dr. Graphx, Inc.

Please forward these documents to me at the address listed above within 30 days of receipt of this request. Failure to do so may expose you to penalties as detailed in 29 U.S.C. § 1132(c); 29 C. F. R. § 2575.502c.

Finally, please be advised that you are prohibited by law from firing or disciplining employees to avoid paying a benefit, as a reprisal for exercising any of the rights provided under a Plan or any federal employment law (such as ERISA), or for giving information or testimony in any inquiry or proceeding related to ERISA.

IF YOU DO NOT UNDERSTAND THIS NOTICE, PLEASE FORWARD IT TO YOUR ATTORNEY OR SEEK OTHER LEGAL ASSISTANCE IMMEDIATELY, AS IT MAY TRIGGER CERTAIN LEGAL OBLIGATIONS UNDER FEDERAL LAW.

Finally, please feel free to give me a call – or to have your attorney do so -if you would like to discuss the above or any other issues relating to this request. I can be reached at (312) 346-4740. If I am not in, my colleague Temilade Oduala is also familiar with this matter.

Sincerely,

Jeffrey D. Hupert
Riordan, Fulkerson, Hupert & Coleman

JDH:/ajc

cc. Tony Lerner

# Exhibit B

UNITED STATES POSTAL SERVICE

First-Class M
Postage & F
USPS
Permit No. G

• Sender: Please print your name, address, and ZIP+4 in this box •

Riordan, Fulkerson, Hupert & Coleman
Attn: Jeffrey Hupert
30 N. LaSalle, Suite 2630
Chicago, IL 60602

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Dr. Graphx II, Inc.
c/o Thomas E. Keating, its Registered
Agent
2 Jefferson Court
Streamwood, IL 60107

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _A. Keating_          □ Agent
                        □ Addressee

B. Received by ( Printed Name )       C. Date of Delivery
   Diane Keating

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)             □ Yes

2. Article Number
   (Transfer from service label)    7011 0470 0002 6731 6005

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Riordan, Fulkerson, Hupert & Coleman
Attn: Jeffrey Hupert
30 N. LaSalle, Suite 2630
Chicago, IL 60602

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dr. Graphx II, Inc.
Attn: Michael H. Mages
955 West Lake Street
Chicago, IL 60607

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X C. Pratley   ☑ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
1-11-13

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 2780 0002 4257 7840

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

# Exhibit C

LAW OFFICES OF

# Kevin M. O'Donnell, Ltd.
350 SOUTH NORTHWEST HIGHWAY
SUITE 102
PARK RIDGE, ILLINOIS 60068

TELEPHONE (847) 692-3400
FACSIMILE (847) 692-9205
WWW.KODLTD.COM

KEVIN M. O'DONNELL
———————
ADMITTED
U.S. SUPREME COURT
U.S. TAX COURT

OF COUNSEL
GREGORY C. ARMSTRONG
CHICAGO

January 22, 2013

VIA EMAIL jdh@rfsc-law.com
AND FIRST CLASS MAIL
Jeffrey D. Hupert, Esq.
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street
Suite 2630
Chicago, IL 60602

      Re:   Dr. Graphx II, Inc.
             Employee Benefit Plans/Lincoln ("Tony") Lerner

Dear Mr. Hupert:

      We act for Dr. Graphx II, Inc. and they forwarded a copy of your letter dated January 8, 2013 regarding Lincoln ("Tony") Lerner to us. It is our understanding that there is no such plan as you describe, but a simple one involving only employee contributions with some employer matching. Tony chose never to participate. We do not wish to name or describe the plan incorrectly and have a call into the corporation's pension representative for the exact type of arrangement it has. We will advise you as soon as we can.

      It would be very helpful to all, we think, if we could find out what has prompted your letter in the first place. Mike Mages is the principal of Dr. Graphx II, Inc. and because he has known Tony and has looked out for Tony for so many years, a letter like yours has taken him aback. Tony never asked Mike for anything like this before and for the first request to come from a lawyer's pen suggests a dispute of some sort. We can see that the letter asserts no position or claim, but would you please let us know what is driving this matter? If Tony is or may be making some claim, we would like to respond and perhaps save everyone needless expense and wear and tear on what was a friendship.

Very truly yours,

Kevin M. O'Donnell

KO'D/paz
cc: Dr. Graphx II, Inc.

# Exhibit D

LAW OFFICES
**RIORDAN, FULKERSON, HUPERT & COLEMAN**
30 NORTH LA SALLE STREET
SUITE 2630
CHICAGO, ILLINOIS 60602

TELEPHONE (312) 346-4740
FACSIMILE (312) 346-1168

JEFFREY D. HUPERT
(312) 923-2503
jdh@rfhc-law.com

THOMAS P. RIORDAN (1920-1965)
ROBERT KEITH LARSON (1951-1995)
RICHARD J. RIORDAN (1950-1997)

February 7, 2013

Kevin M. O'Donnell
Law Offices of Keven M. O'Donnell, Ltd.
350 South Northwest Highway, Suite 102
Park Ridge, IL 60068

<u>**VIA US MAIL AND EMAIL**</u>

RE:  Employee Benefit Plans/Linoln (Tony) Lerner

Dear Mr. O'Donnell:

Thank you both for your quick written response, and for asking for the pension representative to supply the corporation's precise employee benefit plan. Please forward this information to me once you receive it. Also, your response letter stated that Mr. Lerner "chose never to participate" in the employee benefit plan. Please produce anything reflecting your client's apparent belief that Mr. Lerner chose not to participate in any plan(s).

Since your letter, we have spoken further on this matter via telephone. Most of what follows was written before our conversation, but it remains true. What our conversation did highlight is the dramatically different stories we appear to be getting from our respective clients about this.

It is my impression from conversations with Mr. Lerner that he had become concerned that Mike had been acting oddly towards him lately. Tony was also concerned that the company was being less than forthright with him about a few things, including this issue.  As a result, Tony thought (and I agreed) it would be less likely to cause personal friction and also more likely to get a definite and clear answer if I sent a "lawyer" inquiry, rather than Tony personally asking about things that he thought the company might not want to talk to him about. It was my intent for the letter to be a formal and open request for information, not an attack of any sort. The

format of the letter was basically designed to meet certain statutory requirements in a clear fashion.

While I am certainly not familiar with the details of Tony's relationship with Mike, it is not my impression that Tony agrees that Mike has been protecting him for years. Certainly Tony has been an employee of the company for a long time and has worked hard to be a good one.

As a result of our conversation:

(a) We are setting up an appointment for Tony to come in for a meeting. Your comments have given me additional questions to ask.
(b) We are going to do some more research on "opt-out" requirements.

Consider yourself nagged about sending us the requested documents. Finally, please feel free to give me a call if you would like to discuss the above or any other issues relating to this request. I can be reached at (312) 346-4740. If I am not in, my colleague Temi Oduala is also familiar with this matter.

Sincerely,

Jeffrey D. Hupert
Riordan, Fulkerson, Hupert & Coleman

JDH:/ajc

cc. Tony Lerner

# Exhibit E

LAW OFFICES OF

# Kevin M. O'Donnell, Ltd.

350 SOUTH NORTHWEST HIGHWAY
SUITE 102
PARK RIDGE, ILLINOIS 60068

TELEPHONE (847) 692-3400
FACSIMILE (847) 692-9205
WWW.KODLTD.COM

KEVIN M. O'DONNELL

ADMITTED
U.S. SUPREME COURT
U.S. TAX COURT

OF COUNSEL
GREGORY C. ARMSTRONG
CHICAGO

February 14, 2013

VIA EMAIL jdh@rfsc-law.com
AND FIRST CLASS MAIL
Jeffrey D. Hupert, Esq.
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, IL 60602

Re:   Dr. Graphx II, Inc.
      COBRA Election Package for Lincoln ("Tony") Lerner

Dear Mr. Hupert:

Enclosed please find a Consolidated Omnibus Budget Reconciliation Act (COBRA) notification package regarding continuing insurance coverage for your client, Tony Lerner, through the Blue Cross Blue Shield Insurance Plan for Dr. Graphx II, Inc.  If your client wishes to elect to continue coverage under this plan, please direct him to sign and return the election form to Dr. Graphx II, Inc.  Please provide us with a copy also. Tony stopped showing up for work months ago, but due to his personal friendship with Dr. Graphx's owner, Michael Mages, Mr. Mages kept Tony on the insurance through January 31, 2013.

Thank you for your letter dated February 11, 2013, wherein Tony Lerner listed your address as the place to receive his mail.  We had mentioned to you during our call that contact with this man was impossible.  During his employment, he refused to provide any residential or other address and he refused to have an email address either, so there was no method of sending him any notices. He ignored our client's attempts to reach him by telephone also.

Very truly yours,

Kevin M. O'Donnell

KO'D/cbc
Enclosures
cc: Dr. Graphx II, Inc.

## NOTIFICATION FORM

DR. Graphx II, Inc.

1955 West Lake Street

'Chicago, IL 60607

The Consolidated Omnibus Budget Reconciliation Act (COBRA) was signed into law on April 7, 1986 as Public law 99-272. You may be eligible for coverage under the provisions of this legislation. Please read the attached information carefully so that you can make an informed choice about the benefits available to you.

Federal law allows former employees and dependents to continue health insurance coverage under certain circumstances. You must pay the full contribution cost for that coverage to the group employer, including the portion usually paid by the employer. The employer may also charge an additional 2% of the premium as a handling expense.

If you elect to continue coverage for you (and your dependents where applicable), you can obtain the amount of the monthly contribution payable on the first of the month from the group employer to whom the payment will be made.

There are some requirements to coverage, which you should be aware of:
- Continuation of coverage must be elected within 60 days of eligibility.

- Coverage may be stopped for an employee who obtains coverage under another group plan or Medicare, or does not pay the required premium.

- Coverage for a dependent may be stopped if the spouse remarries and has other group coverage, becomes entitled to Medicare, or does not pay the required premium.

- The premium must be paid within 45 days after the election to continue coverage and must be paid retroactive to the qualifying event.

- You must notify your employer in the event of divorce or if a dependent child is about to lose coverage because of age within 60 days of occurrence.

- Coverage under COBRA may be stopped if the employer ceases to maintain any group health plan.

- Coverage under COBRA may be stopped for cause on the same basis as active employees.

At the time the extension of coverage expires, you will be allowed to enroll in an individual conversion health plan if your plan allows such conversions for similarly situated active employees.

## ELECTION FORM

I have read the provisions of the Consolidated Omnibus Budget Reconciliation Act (COBRA), which was signed into law on April 7, 1986 as Public Law 99-272. My circumstances are as follows:

(Check)

☐ I have been advised of my rights under the above legislation and I do not elect to continue my coverage.

☐ I am a former employee and wish to continue my coverage under my employer's group coverage for a maximum of 18 months. My coverage would otherwise terminate because:

    ☐ Reduction or work hours
    ☐ Lay-off
    ☐ Discharge
    ☐ Other (describe)

I understand that I am obligated to pay the full cost of my coverage to my employer including the amount normally paid in my behalf by my employer. My dependents will also be covered.

☐ I am a dependent covered under a plan providing insurance, and I wish to be covered as an insured for a maximum of 36 months because of:

    ☐ Separation or divorce
    ☐ Medicare ineligible spouse or child of a Medicare covered worker
    ☐ Dependent child losing coverage because of attaining the limiting age
    ☐ Other (describe)

I understand that I am obligated to pay the full cost of my coverage to my employer including the amount normally paid in my behalf by my employer.

Signed: _____

Name (Print): _____    Date:

Group Number: P13717    Employee Number: 000837048466

Employer Name: Dr. Graphx II, Inc.

Employer Address: 955 West Lake Street
Chicago, IL 60607

# Exhibit F

LAW OFFICES
**RIORDAN, FULKERSON, HUPERT & COLEMAN**
30 NORTH LA SALLE STREET
SUITE 2630
CHICAGO, ILLINOIS 60602

TELEPHONE (312) 346-4740
FACSIMILE (312) 346-1168

JEFFREY D. HUPERT
(312) 923-2503
jdh@rfsc-law.com

THOMAS P. RIORDAN (1920-1965)
ROBERT KEITH LARSON (1951-1995)
RICHARD J. RIORDAN (1950-1997)

February 18, 2013

Kevin M. O'Donnell
Law Offices of Kevin M. O'Donnell, Ltd.
350 South Northwest Highway, Suite 102
Park Ridge, IL 60068

**VIA US MAIL AND EMAIL**

RE:  Lincoln (Tony) Lerner

Dear Mr. O'Donnell:

I am in receipt of your letter dated February 14, 2013, which contained a COBRA notification package. Based on my conversations with Tony, your recitation of Tony's recent interactions with Mr. Mages concerning his work is not the same story I get from Tony. Be that as it may, I would like to know the formal date of Tony's termination and the reason(s) for termination.

Also, I have not received the previously requested (on January 8, 2013) documents regarding the corporation's employee benefit plan(s), which you had indicated you would send to my office. I am at a loss as to why it is taking so long; however, I renew the request for any and all documents reflecting employee benefit plan(s) offered by Dr. Graphx II, Inc. and Dr. Graphx Inc. during the entire term of Tony's employment.  Again, please also provide any documents reflecting your client's apparent belief that Mr. Lerner chose not to participate in any plan(s).

Sincerely,

Jeffrey D. Hupert
Riordan, Fulkerson, Hupert & Coleman

JDH:/ajc
cc: Tony Lerner

# Exhibit G

LAW OFFICES OF

# Kevin M. O'Donnell. Ltd.

350 SOUTH NORTHWEST HIGHWAY
SUITE 102
PARK RIDGE, ILLINOIS 60068

KEVIN M. O'DONNELL

ADMITTED
U.S. SUPREME COURT
U.S. TAX COURT

TELEPHONE (847) 692-3400
FACSIMILE (847) 692-9205
WWW.KODLTD.COM

OF COUNSEL
GREGORY C. ARMSTRONG
CHICAGO

February 26, 2013

VIA EMAIL jdh@rfsc-law.com
AND FIRST CLASS MAIL
Jeffrey D. Hupert, Esq.
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street
Suite 2630
Chicago, IL 60602

Re:   Dr. Graphx II, Inc.
      COBRA and Lincoln ("Tony") Lerner

Dear Mr. Hupert:

We have had time to examine the matter of COBRA notices and coverage in greater detail. It appears to us at this time that COBRA does not apply to our client because it has fewer than the threshold number of employees. As a result, there are no notices to provide nor is there coverage to extend. Any offer made or implied in any prior correspondence is hereby withdrawn and we consider the matter closed.

Very truly yours,

Kevin M. O'Donnell

KO'D/paz
cc:  Dr. Graphx II, Inc.

# Exhibit H

**Temilade Oduala**

| | |
|---|---|
| **From:** | Jeff Hupert |
| **Sent:** | Thursday, February 28, 2013 10:53 AM |
| **To:** | Kevin M. O'Donnell |
| **Cc:** | Temilade Oduala |
| **Subject:** | Lincoln (Tony) Lerner/ Dr. Graphx, II |

Dear Mr. O'Donnell

I am in receipt of the copy of your letter dated February 26, 2013 sent to me via email concerning Tony Lerner and COBRA.

I have not had the opportunity to fully research the law concerning COBRA or investigate possibly relevant facts such as the size and history of Dr. Graphx II.  However my initial reaction is that :

1. The withdrawal of the COBRA "offer" is not permissible under the law and the fact of this situation
2. It will cause significant and perhaps irreparable injury to Mr. Lerner, who has been under medical care of which your client is aware
3. *It is obviously an additional act of impermissible retaliation against Mr. Lerner*

I would also note that I have, in previous correspondence, asked for specific information (which you indicated you would send), and asked some specific questions relating to Mr. Lerner's apparent termination.  I have yet to receive documents or answers.

In addition to those documents and answers,  I would like to know the following information:

a. How many employees did Dr. Graphx, II have as of December 31, 2012, exclusive of Tony Lerner?
b. How many people were covered under any group health care plan associated with Dr. Graphx, II as of that date
c. Whether and when Dr. Graphx II has ever offered or sent to a departing employee (besides Mr. Lerner) a package related to COBRA  coverage?

I would also ask for a copy of Dr. Graphx II group health insurance plan, both as of December 1, 2012, and currently in force (if a different plan).

Jeff Hupert


Jeffrey D. Hupert
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, Illinois  60602
www.rfsc-law.com
main phone: (312)346-4740
direct line: (312)923-2503
Facsimile:  (312)346-1168
email: jdh@rfsc-law.com

# Exhibit I

## Temilade Oduala

| | |
|---|---|
| **From:** | Jeff Hupert |
| **Sent:** | Friday, March 01, 2013 12:48 AM |
| **To:** | Temilade Oduala |
| **Subject:** | Fwd: Lincoln (Tony) Lerner/ Dr. Graphx, II |

Sent from my iPad

Begin forwarded message:

> **From:** "Kevin M. O'Donnell" <kod@kodltd.com>
> **Date:** February 28, 2013 5:30:48 PM CST
> **To:** Jeff Hupert <jdh@rfsc-law.com>
> **Subject: RE: Lincoln (Tony) Lerner/ Dr. Graphx, II**
>
> Dear Mr. Hupert:
>
> I was going to send you a letter before your email came in.  Without responding to any of your email's contents, we have asked Blue Cross/Blue Shield to issue a COBRA notice to Tony Lerner because, although we were correct about Federal law, we then received information about Illinois law that was at variance thereto.
>
> Kevin M. O'Donnell
> Kevin M. O'Donnell, Ltd.
> 350 S. Northwest Hwy, Ste 102
> Park Ridge, IL 60068
> (847)692-3400
> kod@kodltd.com
> kodltd.com

> **From:** Jeff Hupert [mailto:jdh@rfsc-law.com]
> **Sent:** Thursday, February 28, 2013 10:53 AM
> **To:** Kevin M. O'Donnell
> **Cc:** Temilade Oduala
> **Subject:** Lincoln (Tony) Lerner/ Dr. Graphx, II
>
> Dear Mr. O'Donnell
>
> I am in receipt of the copy of your letter dated February 26, 2013 sent to me via email concerning Tony Lerner and COBRA.
>
> I have not had the opportunity to fully research the law concerning COBRA or investigate possibly relevant facts such as the size and history of Dr. Graphx II.  However my initial reaction is that :
>
> 1. The withdrawal of the COBRA "offer" is not permissible under the law and the fact of this situation
> 2. It will cause significant and perhaps irreparable injury to Mr. Lerner, who has been under medical care of which your client is aware

1

   3.   *It is obviously an additional act of impermissible retaliation against Mr. Lerner*

I would also note that I have, in previous correspondence, asked for specific information (which you indicated you would send), and asked some specific questions relating to Mr. Lerner's apparent termination.  I have yet to receive documents or answers.

In addition to those documents and answers,  I would like to know the following information:

   a.   How many employees did Dr. Graphx, II have as of December 31, 2012, exclusive of Tony Lerner?
   b.   How many people were covered under any group health care plan associated with Dr. Graphx, II as of that date
   c.   Whether and when Dr. Graphx II has ever offered or sent to a departing employee (besides Mr. Lerner) a package related to COBRA  coverage?

I would also ask for a copy of Dr. Graphx II group health insurance plan, both as of December 1, 2012, and currently in force (if a different plan).

Jeff Hupert


Jeffrey D. Hupert
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, Illinois  60602
www.rfsc-law.com
main phone: (312)346-4740
direct line: (312)923-2503
Facsimile:  (312)346-1168
email: jdh@rfsc-law.com

# Exhibit J

## Temilade Oduala

| | |
|---|---|
| **From:** | Temilade Oduala |
| **Sent:** | Monday, March 04, 2013 1:35 PM |
| **To:** | 'Kevin M. O'Donnell' |
| **Cc:** | Jeff Hupert |
| **Subject:** | RE: Lincoln (Tony) Lerner/ Dr. Graphx, II |

Mr. O'Donnell,

This is to confirm the conversation we had today in regards to the above referenced matter. As I told you, my client would like to accept the COBRA benefits, provided that the associated costs are reasonable. Per our conversation, you have asked Blue Cross Blue Shield to issue a COBRA notice to Tony Lerner and to your understanding the COBRA costs and date of Mr. Lerner's termination will be included on this notice.

Thank you.

Temi Oduala
Attorney at Law
**Riordan, Fulkerson, Hupert & Coleman**
30 North LaSalle Street, Suite 2630
Chicago, Illinois 60602
Direct: (312) 673-1592
Phone: (312) 346-4740
Fax:    (312) 346-1168
TOduala@rfsc-law.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 312-346-4740, so that our address record can be corrected. Thank you.

 Please consider the environment before printing this email

**From:** Jeff Hupert
**Sent:** Friday, March 01, 2013 12:48 AM
**To:** Temilade Oduala
**Subject:** Fwd: Lincoln (Tony) Lerner/ Dr. Graphx, II

Sent from my iPad

Begin forwarded message:

> **From:** "Kevin M. O'Donnell" <kod@kodltd.com>
> **Date:** February 28, 2013 5:30:48 PM CST
> **To:** Jeff Hupert <jdh@rfsc-law.com>
> **Subject:** RE: Lincoln (Tony) Lerner/ Dr. Graphx, II
>
> Dear Mr. Hupert:

1

## Temilade Oduala

| | |
|---|---|
| **From:** | Kevin M. O'Donnell <kod@kodltd.com> |
| **Sent:** | Tuesday, March 05, 2013 2:43 PM |
| **To:** | Temilade Oduala |
| **Subject:** | RE: Lincoln (Tony) Lerner/ Dr. Graphx, II |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dear Ms. Oduala:

Dr. Graphx just received notice within the hour that when its company's coverage expires on 5/1/13, the premiums are expected to increase approximately one-third higher than they are now. This, of course, means that Tony Lerner's premium will also increase by that percentage as well.

Kevin M. O'Donnell
Kevin M. O'Donnell, Ltd.
350 S. Northwest Hwy, Ste 102
Park Ridge, IL 60068
(847)692-3400
kod@kodltd.com
kodltd.com

**From:** Temilade Oduala [mailto:TOduala@rfsc-law.com]
**Sent:** Monday, March 04, 2013 1:35 PM
**To:** Kevin M. O'Donnell
**Cc:** Jeff Hupert
**Subject:** RE: Lincoln (Tony) Lerner/ Dr. Graphx, II

Mr. O'Donnell,

This is to confirm the conversation we had today in regards to the above referenced matter. As I told you, my client would like to accept the COBRA benefits, provided that the associated costs are reasonable. Per our conversation, you have asked Blue Cross Blue Shield to issue a COBRA notice to Tony Lerner and to your understanding the COBRA costs and date of Mr. Lerner's termination will be included on this notice.

Thank you.

Temi Oduala
Attorney at Law
**Riordan, Fulkerson, Hupert & Coleman**
30 North LaSalle Street, Suite 2630
Chicago, Illinois 60602
Direct: (312) 673-1592
Phone: (312) 346-4740
Fax:    (312) 346-1168
TOduala@rfsc-law.com

## Temilade Oduala

| | |
|---|---|
| **From:** | Temilade Oduala |
| **Sent:** | Friday, March 08, 2013 11:11 AM |
| **To:** | 'Kevin M. O'Donnell' |
| **Subject:** | RE: Lincoln (Tony) Lerner/ Dr. Graphx, II |

Kevin,

What is the current premium? Also, when can we expect to receive the documents we requested in regards to corporation's precise employee benefit plan?

Temi Oduala
Attorney at Law
**Riordan, Fulkerson, Hupert & Coleman**
30 North LaSalle Street, Suite 2630
Chicago, Illinois 60602
Direct: (312) 673-1592
Phone: (312) 346-4740
Fax: (312) 346-1168
TOduala@rfsc-law.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 312-346-4740, so that our address record can be corrected. Thank you.

 Please consider the environment before printing this email

---

**From:** Kevin M. O'Donnell [mailto:kod@kodltd.com]
**Sent:** Tuesday, March 05, 2013 2:43 PM
**To:** Temilade Oduala
**Subject:** RE: Lincoln (Tony) Lerner/ Dr. Graphx, II

Dear Ms. Oduala:

Dr. Graphx just received notice within the hour that when its company's coverage expires on 5/1/13, the premiums are expected to increase approximately one-third higher than they are now. This, of course, means that Tony Lerner's premium will also increase by that percentage as well.

Kevin M. O'Donnell
Kevin M. O'Donnell, Ltd.
350 S. Northwest Hwy, Ste 102
Park Ridge, IL 60068
(847)692-3400
kod@kodltd.com
kodltd.com

**Temilade Oduala**

| | |
|---|---|
| **From:** | Kevin M. O'Donnell <kod@kodltd.com> |
| **Sent:** | Friday, March 08, 2013 11:56 AM |
| **To:** | Temilade Oduala |
| **Subject:** | RE: Lincoln (Tony) Lerner/ Dr. Graphx, II |

Dear Ms. Oduala:

Blue Cross/Blue Shield is to notify your client. Did they? Why ask us what the current premium? If he wants the coverage, he has to pay in accord with BC/BS's notice, whatever the premium amount is.

We have requested the documents that your client has asked for from Morgan Stanley. Your client made zero (0) contributions and has zero (0) dollars coming to him, as we have advised before regarding this simple employer match program.

Your client could best be described as an indoor hurricane when he worked for Dr. Graphx and we are unreceptive of the furtherance of his behavior through you.

Kevin M. O'Donnell
Kevin M. O'Donnell, Ltd.
350 S. Northwest Hwy, Ste 102
Park Ridge, IL 60068
(847)692-3400
kod@kodltd.com
kodltd.com

---

**From:** Temilade Oduala [mailto:TOduala@rfsc-law.com]
**Sent:** Friday, March 08, 2013 11:11 AM
**To:** Kevin M. O'Donnell
**Subject:** RE: Lincoln (Tony) Lerner/ Dr. Graphx, II

Kevin,

What is the current premium? Also, when can we expect to receive the documents we requested in regards to corporation's precise employee benefit plan?

Temi Oduala
Attorney at Law
**Riordan, Fulkerson, Hupert & Coleman**
30 North LaSalle Street, Suite 2630
Chicago, Illinois 60602
Direct: (312) 673-1592
Phone: (312) 346-4740
Fax:    (312) 346-1168
TOduala@rfsc-law.com

1

## Temilade Oduala

| | |
|---|---|
| **From:** | Jeff Hupert |
| **Sent:** | Friday, March 08, 2013 4:12 PM |
| **To:** | Kevin M. O'Donnell |
| **Cc:** | Temilade Oduala |
| **Subject:** | Lincoln (Tony Lern/ Dr. Graphx II |

Dear Mr. O'Donnell

I am in receipt of a copy of your e-mail to Ms. Oduala from earlier today.

First, without commenting on whose obligation it is to do what concerning COBRA, Tony does not believe that Blue Cross/Blue Shield has sent him anything. We have told him to call BCBS to see if he can acquire the information he needs. If there's a problem there, we may get back to you.

To answer your question- we asked you to ask your client because COBRA premiums , as I understand them, are the same or close to whatever premiums were being paid to BCBS on behalf of Tony, which would normally include his portion of the premium, if any, and the employer's portion of the premium for him , if any. I do not know if Tony would normally know that second number. We also thought it was your client's obligation to send him that information, but that is whatever it is, and they either did what they were supposed to or did not.
.
Second, I would address your comment that you and/your client were "Unreceptive of the furtherance of (Tony's alleged inappropriate behavior at Dr. Graphx) through (my firm)". Huh? As this was in response to Ms. Oduala's email which references the document requests at the very least you apparently want us to stop not "nagging" you about requests for documents and for information we have already made. OK, we will endeavor to do so. In a more general sense, however, I'm not sure if you are complaining about Tony or us (or both). Like you, I do not want to get into a correspondence war. But I really would like to ask two questions:

1) What, if anything, has Tony (not my law firm) done within the last 30 days that you object to? If you don't tell me specifically what is is or was, I can hardly suggest that he stop doing it. I have already told him not to contact or go near your firm or Dr. Graphx or to contact its owner.

2) With regard to my law firm - I don't mean to be rude, but, c'mon, Kevin, what is my firm doing that you view as inappropriate? We haven't done anything but write your client an initial letter and then communicate with you. We represent Tony Lerner. We get to contact people on his behalf, even if we seek information on his behalf to which you believe he is not entitled, or you or your client think he's nuts. (Hint – he's not real fond of your client right now, either) You and your client have three options in this context as far as I am concerned. You can:

a) waive any and all further right to any notice Tony might be required to give it, except service of process if he files a suit; or
b) I should contact your client directly, or
c) I should continue to contact you if necessary, with the understanding that you may choose not to respond.

Unless you write me otherwise, I'll assume you have chosen option c. If there is a fourth option you think is available, let me know what it is, although I don't promise to accept it as valid.

1

Jeff

Jeffrey D. Hupert
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, Illinois  60602
www.rfsc-law.com
main phone: (312)346-4740
direct line: (312)923-2503
Facsimile:  (312)346-1168
email: jdh@rfsc-law.com

## Temilade Oduala

| | |
|---|---|
| **From:** | Jeff Hupert |
| **Sent:** | Friday, March 08, 2013 5:04 PM |
| **To:** | Temilade Oduala |
| **Subject:** | FW: Lincoln (Tony Lern/ Dr. Graphx II |
| | |
| **Importance:** | High |

Jeffrey D. Hupert
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, Illinois 60602
www.rfsc-law.com
main phone: (312)346-4740
direct line: (312)923-2503
Facsimile: (312)346-1168
email: jdh@rfsc-law.com

**From:** Kevin M. O'Donnell [mailto:kod@kodltd.com]
**Sent:** Friday, March 08, 2013 5:01 PM
**To:** Jeff Hupert
**Subject:** RE: Lincoln (Tony Lern/ Dr. Graphx II
**Importance:** High

Dear Mr. Hupert:

Tony was the nightmare insubordinate employee and co-worker and the very fact that he contacted you and you have been contacting us at all about anything is too much. His former co-workers are very willing to testify about how terrible it was to have to work around Tony.

In the interest of brevity, I point to signature ideas in your emails/letters - claiming that my client knew Tony's address when he did not, claiming not just retaliation but *additional* retaliation, making document demands of us as if this matter were in discovery and/or as if these demands were cost free, and "…service of process if he files a suit.". A lawsuit for what?

I have know Mr. Mages for one very long time and he is veritable prince of a person. He could not have more patient or indulgent with Tony. Keep scorching him for his past good will and teach him to never give the rest of the world a break or a 1,000 breaks as he did Tony. Please, for the most part, go away because you are wasting everyone's time and money. There are real grievances to pursue in this life. You would be hard pressed to find a person or cause less worthy of this time and efforts.

Kevin M. O'Donnell
Kevin M. O'Donnell, Ltd.
350 S. Northwest Hwy, Ste 102
Park Ridge, IL 60068
(847)692-3400
kod@kodltd.com
kodltd.com

# Exhibit K

LAW OFFICES OF

# Kevin M. O'Donnell, Ltd.

350 SOUTH NORTHWEST HIGHWAY
SUITE 102
PARK RIDGE, ILLINOIS 60068

KEVIN M. O'DONNELL

———
ADMITTED
U.S. SUPREME COURT
U.S. TAX COURT

TELEPHONE (847) 692-3400
FACSIMILE (847) 692-9205
WWW.KODLTO.COM

OF COUNSEL
GREGORY C. ARMSTRONG
CHICAGO

March 12, 2013

VIA EMAIL jdh@rfsc-law.com
AND FIRST CLASS MAIL
Jeffrey D. Hupert, Esq.
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, IL 60602

     Re:   Dr. Graphx II, Inc.
            Employee Benefit Plans/Lincoln ("Tony") Lerner

Dear Mr. Hupert:

    On January 21, 2013, our office sent you a letter advising that we would investigate the employee benefit plan further and speak with the pension plan's representative. We have been unable to reach the representative directly, and after multiple failed attempts, we contacted other representatives of Morgan Stanley to request the documents. Through our conversations with these individuals, we have discovered that we must subpoena Morgan Stanley for the documents that you requested.

    To this end, would you please provide our office with the basis and citation for your request of Dr. Graphx, II., Inc., so that we may issue a complete subpoena to Morgan Stanley?

    Thank you for your anticipated cooperation in this matter.

Very truly yours,

Amanda R. Blackmer

ARB/cbc

# Exhibit L

## Temilade Oduala

| | |
|---|---|
| **From:** | Temilade Oduala |
| **Sent:** | Tuesday, April 16, 2013 4:16 PM |
| **To:** | 'cbc@kodltd.com' |
| **Cc:** | 'arb@kodltd.com'; 'Kevin M. O'Donnell'; Jeff Hupert |
| **Subject:** | RE: Tony Lerner's Benefit Plan |

Ms. Carrino,

Our office received your letter mentioning "Morgan Stanley," and informing us that Morgan Stanley has refused to produce the requested documents without a subpoena. However, a subpoena is a writ issued by a court commanding a person to appear or to produce certain information used during a pending legal proceeding, of which none currently exists in this situation.

Neither Tony nor I know for certain who the plan administrator is of any relevant benefits plan; therefore, we directed the request to Dr. Graphx II, Inc. as the employer. We requested these documents from your client and you have a legal duty to produce these documents under ERISA. Quite frankly, I remain at a loss as to why Dr. Graphx II has not produced any documents. There is no reason why Dr. Graphyx II should have to subpoena documents concerning its own employee benefits plan. It is also difficult to believe that Dr. Graphx II has no documents responsive to our request currently in its possession.

We again renew our request for any and all documents reflecting employee benefit plan(s) offered by Dr. Graphx II, Inc. during the entire term of Tony's employment. Again, please also provide any documents reflecting your client's apparent belief that Mr. Lerner chose not to participate in any plan(s).

If Dr. Graphx II believes that Morgan Stanley or some other party has information responsive to our request, please send us that party's contact information and whatever plan identification we need to contact them directly. However, doing so is not intended to waive or release your client from any legal duty it has to produce these documents.

Thank you.

Temi Oduala
*Attorney at Law*
**Riordan, Fulkerson, Hupert & Coleman**
30 North LaSalle Street, Suite 2630
Chicago, Illinois 60602
Direct: (312) 673-1592
Phone: (312) 346-4740
Fax:    (312) 346-1168
TOduala@rfsc-law.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 312-346-4740, so that our address record can be corrected. Thank you.

 Please consider the environment before printing this email

1

**From:** Jeff Hupert
**Sent:** Tuesday, March 12, 2013 7:30 PM
**To:** Temilade Oduala
**Subject:** Fwd: Tony Lerner's Benefit Plan

Either there is something her I seriously do not understand, or I have lost my mind.

I think we just sue. We gave them our citation in our ordinal demand letter, I believe. Since there is no proceeding pending, subpoena them in what. And since when does the trustee of an employee plan get to withhold documents from an employer? My thought would be to sue Morgan Stanley as the trustee in the alternative, based on info and belief and on this letter. How soon( with no COBRA count might we get this prepared and filed? Thoughts?

Jeff

Sent from my iPad

Begin forwarded message:

> **From:** "Christie B. Carrino" <cbc@kodltd.com>
> **To:** "Jeff Hupert" <jdh@rfsc-law.com>
> **Cc:** "Amanda R. Blackmer" <arb@kodltd.com>, "Kevin M. O'Donnell" <kod@kodltd.com>
> **Subject: Tony Lerner's Benefit Plan**
>
> Dear Mr. Hupert,
>
> Attached please find correspondence of today's date sent to you by our office.
>
> Sincerely,
>
> Christie B. Carrino
> Legal Assistant
> Kevin M. O'Donnell, Ltd.
> 350 South Northwest Highway
> Suite 102
> Park Ridge, Illinois 60068
> Ph: (847) 692-3400
> Fax: (847) 692-9205
> cbc@kodltd.com<mailto:bpf@kodltd.com>
>
> <Ltr-Hupert-Tony Lerner's Benefit Plan.pdf>

# Exhibit M

LAW OFFICES OF

# Kevin M. O'Donnell, Ltd.

350 SOUTH NORTHWEST HIGHWAY
SUITE 102
PARK RIDGE, ILLINOIS 60068

TELEPHONE (847) 692-3400
FACSIMILE (847) 692-9205
WWW.KODLTD.COM

KEVIN M. O'DONNELL

ADMITTED
U.S. SUPREME COURT
U.S. TAX COURT

OF COUNSEL
GREGORY C. ARMSTRONG
CHICAGO

April 24, 2013

VIA EMAIL jdh@rfsc-law.com
AND FIRST CLASS MAIL
Jeffrey D. Hupert, Esq.
Riordan, Fulkerson, Hupert & Coleman
30 North LaSalle Street, Suite 2630
Chicago, IL 60602

     Re:   Dr. Graphx II, Inc.
            Tony Lerner BlueCross BlueShield of Illinois Continuation Insurance

Dear Mr. Hupert:

     Enclosed please find a copy of a BlueCross BlueShield of Illinois invoice dated April 16, 2013 that we received from our client, Dr. Graphx II, Inc., related to your client, Tony Lerner. We have redacted it to cover the names of others. We surmise that Mr. Lerner has elected to receive Illinois Continuation Insurance under the plan. The terms of this coverage require your client to pay the monthly premiums due on this policy directly to our client in order to maintain coverage. Our email to Ms. Oduale of yesterday reminding her of this has drawn no response.

     Mr. Lerner owes and must pay $2,144.64 on or before April 30, 2013 in order to avoid cancelation of his coverage. This sum represents the premiums for retroactive coverage from February 1, 2013 through April 30, 2013 in the amount of $1,491.93 and the monthly premium amount for May 1, 2013 through May 31, 2013 in the amount of $652.71. If payment in full to Dr. Graphx does not clear on or before April 30, 2013, we will contact BlueCross BlueShield of Illinois to cancel Mr. Lerner's policy due to lack of payment. Dr. Graphx must itself send in payment, and the coverage of others cannot be jeopardized while Mr. Lerner delays.

     Beginning June 1, 2013, Mr. Lerner's monthly premium payment will be $652.71 and payment for same must clear on or before the last day of each month. We will notify you if this amount changes.

                          Very truly yours,

                          Kevin M. O'Donnell

KO'D/cbc
Enclosure
cc: Dr. Graphx II, Inc.

**BlueCross BlueShield of Illinois**

300 East Randolph Street
Chicago, IL 60601

Remittance Address:
Health Care Service Corporation
25550 Network Place
Chicago, IL 60673-1255

For All Billing Inquiries Call:
800-414-7147

| Account: | 713717 - DR GRAPHX II INC. | | |
|---|---|---|---|
| Profile: | 0000498567 - ALL SUBSCRIBERS | | Page: 2386 |
| Bill Date: | 04-16-2013 | Payment Due Date: 05-01-2013 | 4 |
| Bill Period: | 05-01-2013 to 06-01-2013 | | |

## SUBSCRIBER FEES

| SUBSCRIBER | NAME | HEALTH | | | DENTAL | | | CHANGE REASON | RETRO FEE ADJUST | CURRENT CHARGES | TOTAL CHARGES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | CAT | PRODUCT | TIER | PRODUCT | TIER | | | | | |
| | LERNER, LINCOLN A. | 00000 | 0003-PPO+ | S918 | 0002-PDENT | S918 | Subscriber Reinstate 02/01/2013 | 1,491.93 | 652.71 | |

**SUB TOTAL FOR BEN AGMT: 3 - RPP73423_2** | | | | | | | | | 1,491.93 | 7,785.13 | 9,277.06

**TOTAL FEES** | | | | | | | | | 1,491.93 | 7,785.13 | 9,277.06

Tier Identifier
M = Medicare
P = Split Medicare
(*) = Subscriber or dependent is nearing age 65. Based on employee group size and actively-at-work status, Medicare primary premium rates and claim status may be applicable.
Please contact us for more information.

· Do not submit membership changes (cancellations forms, new employee applications) with your bill payment. Documents relating to membership updates should be mailed to: BlueCross and BlueShield of Illinois, P.O. Box 805107, Chicago IL 60680-4112.
Please mail your premium payment, with the payment coupon attached, in the enclosed envelope.